**E-Filed 6/8/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREEN VALLEY CORPORATION, a California corporation, d/b/a Barry Swenson Builder,<br><br>Plaintiff,<br><br>v.<br><br>CALDO OIL COMPANY, a California corporation; VICTOR J. LOBUE, as an individual and as trustee of the Victor J. LoBue Trust; THE VICTOR LOBUE TRUST; NELLA OIL COMPANY, LLC, a California limited liability company; and DOES 1 through 100,<br><br>Defendants. | Case Number C 09-4028 JF (PVT)<br><br>**ORDER[1] DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re. docket nos. 29, 31 |

  Plaintiff Green Valley Corporation d/b/a Barry Swenson Builder ("Green Valley") filed the instant action pursuant to the Resource Conservation and Recovery Act ("RCRA") § 7002(a), 42 U.S.C. § 6972(a), and various California state laws seeking injunctive relief, declaratory relief, and damages related to the investigation and remediation of alleged soil and groundwater

---

[1] This disposition is not designated for publication in the official reports.

contamination. Green Valley alleges that Defendants are liable for the abatement of the contamination and the costs of investigation and remediation, which were incurred in response to releases or threatened releases of petroleum products at or near a location Green Valley currently owns.

Defendants Caldo Oil Company ("Caldo"), Victor J. LoBue, and the Victor LoBue Trust (collectively the "Caldo Defendants") move to dismiss the complaint for lack of subject matter jurisdiction. Defendant Nella Oil Company ("Nella") joins in the motion. The Court has considered the moving and opposing papers as well as the oral arguments presented at the hearing on May 21, 2010. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

This action involves properties located at 2266 and 2276 Senter Road in San Jose, California ("the Site"). (First Am. Compl. ("FAC") ¶ 1). Green Valley alleges that the Caldo Defendants owned and occupied the property located at 2276 Senter Road from approximately 1966 until approximately August 30, 2005, when the property was sold to Green Valley. (*Id.* at ¶ 20.) It alleges that the Caldo Defendants "operated a bulk fueling and gasoline service station at [the Site] from approximately July 1, 1997 [that] dispensed a variety of petroleum products, including diesel, kerosene, propane, solvent and unleaded gasoline." (*Id.* at ¶¶ 21-22.) Green Valley alleges further that Nella has owned and operated an Olympic gasoline service station at 2276 Senter Road, which is adjacent to 2266 Senter Road, since approximately 2006 and that Nella's station also dispenses petroleum products. (*Id.* at ¶¶ 26-27.) According to the complaint, Defendants use or used or are or were responsible "for numerous above ground storage tanks (ASTs), underground storage tanks (USTs), fuel dispensers and associated piping" for their respective service stations on the Site. (*Id.* at ¶ 23; ¶ 28.)

In late September 2006, excavations at 2266 Senter Road revealed petroleum-impacted soils where USTs, fuel dispensers, and pipes previously had been. (*Id.* at ¶ 29.) One hundred eighty-five tons of the impacted soil were removed and deposited into a landfill. (*Id.*) In March 2008, analysis of soil samples from 2266 Senter Road revealed "primarily diesel range petroleum hydrocarbons with the highest concentration in the area of the former UST system." (*Id.* at ¶ 30.)

1    Since the March 2008 excavation and analysis, the Santa Clara County Department of
2    Environmental Health ("SCCDEH") "has required Green Valley . . . to implement and administer
3    a groundwater monitoring program at the Site."  (*Id.* at ¶ 31.)  In May 2008, at the SCCDEH's
4    direction, "three soil borings were drilled at 2266 Senter Road and converted into groundwater
5    monitoring wells [which were then] surveyed, developed and then monitored and sampled."  (*Id.*
6    at ¶ 32.)  Groundwater monitoring at the Site, conducted on a quarterly basis, has detected
7    elevated levels of several chemicals, principally diesel range petroleum hydrocarbons, or TPH-d.
8    (*Id.* at ¶ 33-35.)  Green Valley alleges that Defendants' operation of the service stations on the
9    site "caused or contributed to" the presence of these chemicals and that the chemicals "present an
10   actual or potential imminent and substantial endangerment to the public health, welfare and the
11   environment, is [sic] a public nuisance, and has [sic] resulted in actual or threatened injury to the
12   property of the State of California, including its waters, and to the property of Green Valley."
13   (*Id.* at ¶ 45-48.)

14        The Caldo Defendants claim in their moving papers that Caldo cleaned the Site and paid
15   for extensive remediation, and that state agencies "approved the leaving of some residual,
16   acceptable contamination in place for natural attenuation." (Caldo Defs.' Mot. 5.)  They also
17   allege that Green Valley "purchased [the property located at 2266 Senter Road] with full
18   disclosure and full knowledge of the sites' history and the known residual contamination." (*Id.* at
19   6.)

20        On August 31, 2009, Green Valley filed the instant action, alleging that Defendants each
21   bear responsibility for the hazardous substances that prompted the SCCDEH's actions and
22   caused the damage to the Site.  Nella filed its answer to the initial complaint on November 25,
23   2009.  On December 21, 2009, Green Valley filed the operative FAC.  Pursuant to a stipulation
24   filed the same day, Nella's answer to the initial complaint was deemed its answer to the FAC.
25   After the Caldo Defendants' attorney agreed to accept service of process on their behalf on
26   March 5, 2010, the Caldo Defendants filed the instant motion on March 24, 2010.  Nella filed a
27   motion for joinder on April 12, 2010.
28

## II. LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(1) where the Court lacks jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). The court presumes a lack of subject matter jurisdiction until the plaintiff meets her burden establishing subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The non-moving party must support its allegations with competent proof of jurisdictional facts when a party moves for dismissal under Rule 12(b)(1). *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III. DISCUSSION

**A.    RCRA Claim**

Green Valley's first claim seeks abatement of an imminent and substantial endangerment under the citizen suit provision of RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), which allows suits:

> against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

Defendants maintain that the Court lacks jurisdiction over this claim for several reasons.

**1.    The "Petroleum Exemption"**

Defendants argue that the Court lacks jurisdiction because the waste they allegedly caused or to which they contributed falls within the "petroleum soils exemption" defined by the Environmental Protection Agency ("EPA") at 40 C.F.R § 261.4(b)(10). That section provides that the following, while "solid wastes," are not "hazardous wastes" under RCRA: "Petroleum-contaminated media and debris that fail the test for the Toxicity Characteristic of § 261.24 [] and are subject to the corrective action regulations under part 280 of this chapter." Defendants contend that the TPH-d in the soil meets this definition because they "[n]ow and at all times before . . . have been the exclusively regulated [sic] under state law by the [SCCDEH] and the State Water Resources Control Board per the statutes and regulations under California Health & Safety Code Chapter 6.75 (Section 25296.10[g]) governing underground storage tank

4

[sic] (USTs)." (Caldo Mot. 8-9.)

Green Valley argues that the petroleum exemption is not a jurisdictional bar but rather is a possible defense to a RCRA claim. It relies upon the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). In that case, the question was whether a provision of Title VII of the Civil Rights Act of 1964 providing that claims may be brought against employers with fifteen or more employees is jurisdictional. The Court considered the structure and text of the section in which the numerosity requirement appears, whether that section was separate from the jurisdiction-granting section of the statute, and prior Title VII case law in determining whether the requirement was intended to be jurisdictional. The Court concluded that "the numerical threshold does not circumscribe federal-court subject-matter jurisdiction[, but rather] relates to the substantive adequacy of Arbaugh's Title VII claim." *Arbaugh*, 546 U.S. at 504.

Green Valley argues that a proper application of *Arbaugh* leads to the conclusion that the "petroleum exemption" is not jurisdictional. It contends that nothing in the text, structure, or prior case law suggests that the exemption was meant to be jurisdictional and points out that it is located separately from RCRA's jurisdiction-granting section, 42 U.S.C. § 6972(a). Green Valley maintains that because the exemption is not jurisdictional, dismissal is appropriate only if the RCRA claim is "immaterial and made solely for the purpose of obtaining federal jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Green Valley also contends that even if the exemption were jurisdictional, dismissal would not be warranted in this case because the exemption is "intertwined with the merits of the claim." "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Meyer*, 373 F.3d at 1039 (citing *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). Green Valley argues that the exemption only applies if the media and debris at issue "fail the test for the Toxicity Characteristic of § 261.24 (Hazardous Waste Codes) and are subject to the corrective action regulations under part 280 of this chapter." 40 C.F.R. § 261.4(b)(10). Determining whether the exemption applies "clearly

5

overlaps with the analysis required to determine whether the contamination at issue is a 'solid or hazardous waste' in the first instance, which is an element of a RCRA citizen suit." (Pl.'s Opp'n 8.)

Green Valley also argues that the exemption would not bar its claim even if the exemption were jurisdictional and not intertwined with the merits of its claim. It claims that the citizen suit provision applies not only to hazardous waste but also to solid waste. *See* 42 U.S.C. § 6972(a)(1)(B) (authorizing suits against "any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any *solid or hazardous waste* which may present an imminent and substantial endangerment to health or the environment" (emphasis added)). Green Valley contends that because the statute provides explicitly that certain "petroleum-contaminated media and debris" are solid wastes, the exception cannot be used to bar the RCRA claim in this action.

Green Valley asserts that Defendants "have provided no evidence or analysis to establish that the petroleum-contaminated media and debris at issue in this case" meet the exemption's requirement of "fail[ing] the test for the Toxicity Characteristic of § 261.4 . . . and [being] subject to the corrective action regulations under part 280 of this chapter." 40 C.F.R. § 261.4(b)(10). In addition, it contends that although TPH-d is the primary chemical of concern alleged in the complaint, it is not the only chemical of concern that remains at the Site. Finally, Green Valley maintains that "the courts are unanimous in their conclusion that there is no exclusion in RCRA for petroleum contamination, that petroleum in the environment can be a solid waste, and that petroleum contamination can support a RCRA citizen suit." (Pl.'s Opp'n 10 (citing, *e.g.*, *Zands v. Nelson*, 779 F. Supp. 1254, 1261-64 (S.D. Cal. 1991)).)

The Caldo Defendants respond to Green Valley's counter-arguments with respect to exemption as follows:

> We note that [the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 et seq. ("CERCLA")] provides exemptions for Petroleum. Further exemptions are in RCRA. There is a split in the Courts regarding this. We note that Plaintiff opposed our claim of a petroleum exemption to RCRA with *Arbaugh v. Y & H Corporation*, 546 U.S. 500, an employment discrimination case. We do acknowledge the opinion set forth in *Winston v. Shell Oil*, 861 F. Supp. 713 (1994) and its progeny that exclude

6

petroleum from RCRA enforcement as a minority position and criticized by some courts.

(Caldo Defs.' Reply 11-12.)

Defendants have failed to demonstrate that the petroleum exemption requires dismissal of Green Valley's RCRA claim. The reasoning of the district court in *Winston*, the only case cited by Defendants to support their argument, has not been followed by any other federal court. In fact, less than two years after *Winston*, the same district court abandoned the decision. *Waldschmidt v. Amoco Oil Co.*, 924 F. Supp. 88, 92 (C.D. Ill. 1996) ("The Court's prior decision in *Winston* that petroleum is exclusively regulated under subtitle IX of RCRA is abandoned."). Accordingly, there is no split among the courts on this issue, and there is no current authority supporting Defendants' position.

### 2. Recovery of Past Clean-up Costs

Defendants contend that Plaintiff's RCRA claim should be dismissed because the statute does not allow for the recovery of past clean-up costs. Green Valley concedes that it is not seeking recovery of the clean-up costs under RCRA, and instead seeks only injunctive relief. In light of this concession, Defendants' argument is moot.

### 3. Necessity of the Action

Defendants argue that Green Valley's expression at the initial case management conference of its desire for a stay of six to eight months "on its face shows no imminent and immediate danger." (Caldo Defs.' Mot. 10.) Green Valley disagrees, arguing that

> [t]he fact that the Caldo Defendants took it upon themselves to take the lead in creating the Work Plan [for Additional Subsurface Investigations and Dual Phase Extraction Pilot Test] and working towards its expeditious approval and implementation–all without the compulsion of a court-order [sic] injunction, strongly suggests there is an imminent endangerment.

(Pl.'s Opp'n 12 (emphasis in original).) Green Valley also contends that the imminence of an alleged endangerment is an element rather than a jurisdictional requirement of a RCRA claim. In their reply brief, the Caldo Defendants cite *Meghrig v. KFC Western, Inc.*, 516 U.S. 479 (1996), to support their claim that Green Valley has "failed to make a showing of imminent and substantial harm in several ways as set forth in our herein motion and reply." (Caldo Defs.'

7

petroleum from RCRA enforcement as a minority position and criticized by some courts.

(Caldo Defs.' Reply 11-12.)

Defendants have failed to demonstrate that the petroleum exemption requires dismissal of Green Valley's RCRA claim. The reasoning of the district court in *Winston*, the only case cited by Defendants to support their argument, has not been followed by any other federal court. In fact, less than two years after *Winston*, the same district court abandoned the decision. *Waldschmidt v. Amoco Oil Co.*, 924 F. Supp. 88, 92 (C.D. Ill. 1996) ("The Court's prior decision in *Winston* that petroleum is exclusively regulated under subtitle IX of RCRA is abandoned."). Accordingly, there is no split among the courts on this issue, and there is no current authority supporting Defendants' position.

### 2. Recovery of Past Clean-up Costs

Defendants contend that Plaintiff's RCRA claim should be dismissed because the statute does not allow for the recovery of past clean-up costs. Green Valley concedes that it is not seeking recovery of the clean-up costs under RCRA, and instead seeks only injunctive relief. In light of this concession, Defendants' argument is moot.

### 3. Necessity of the Action

Defendants argue that Green Valley's expression at the initial case management conference of its desire for a stay of six to eight months "on its face shows no imminent and immediate danger." (Caldo Defs.' Mot. 10.) Green Valley disagrees, arguing that

> [t]he fact that the Caldo Defendants took it upon themselves to take the lead in creating the Work Plan [for Additional Subsurface Investigations and Dual Phase Extraction Pilot Test] and working towards its expeditious approval and implementation–all without the compulsion of a court-order [sic] injunction, strongly suggests there is an imminent endangerment.

(Pl.'s Opp'n 12 (emphasis in original).) Green Valley also contends that the imminence of an alleged endangerment is an element rather than a jurisdictional requirement of a RCRA claim. In their reply brief, the Caldo Defendants cite *Meghrig v. KFC Western, Inc.*, 516 U.S. 479 (1996), to support their claim that Green Valley has "failed to make a showing of imminent and substantial harm in several ways as set forth in our herein motion and reply." (Caldo Defs.'

7

Reply 7.)

As argued by Green Valley, imminence is an element of the claim, not a jurisdictional requirement. *See* 42 U.S.C. § 6972(a)(1)(B). In *Meghrig*, the court considered a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See KFC Western, Inc. v. Meghrig*, 49 F.3d 518, 519 (9th Cir. 1995), *overruled by Meghrig*, 516 U.S. 479. The Supreme Court reversed the Ninth Circuit's reversal of the district court's order of dismissal, holding that "§ 6972(a)(1)(B) permits a private party to bring suit only upon an allegation that the contaminated site presently poses an 'imminent and substantial endangerment to health or the environment,' and not upon an allegation that it posed such an endangerment at some time in the past." *Meghrig*, 516 U.S. at 488.

The instant motion was brought under Rule 12(b)(1), not Rule 12(b)(6). Because imminence of harm is not a jurisdictional requirement, the absence of such an allegation is not an appropriate ground for dismissal under Rule 12(b)(1).[2] However, even if Defendants were seeking dismissal pursuant to Rule 12(b)(6), the motion would fail because the FAC *does* contain an adequate allegation of imminent harm. *See* FAC ¶ 45 ("The Chemicals of Concern in the environment at the Site present an actual or potential imminent and substantial endangerment to the public health, welfare and the environment, is a public nuisance, and has resulted in actual or threatened injury to the property of the State of California, including its waters, and to the property of Green Valley.")

### 4. Preclusive Effect of SCCDEH's Involvement

Defendants claim that the action should be dismissed because the Site "is governed by the exclusive state corrective action regulations." (Caldo Defs.' Mot. 10 (citing FAC ¶ 31 ("[T]he

---

[2] *Avondale Federal Savings Bank v. Amoco Oil Co.*, 170 F.3d 692 (7th Cir. 1999), also relied upon by the Caldo Defendants, also is inapposite. In that case, the Seventh Circuit affirmed the district court's entry of summary judgment for the defendant where the plaintiff's expert had opined that petroleum contamination would be found at certain levels if excavation were performed. *Avondale*, 170 F.3d at 695. *Avondale* did not address a motion to dismiss for lack of jurisdiction. Even construing Defendants' reliance upon *Avondale* as an argument that Green Valley's claim is premature, the FAC alleges that excavation has occurred and that analysis has revealed elevated levels of certain chemicals, including petroleum.

8

1   Santa Clara County Department of Environmental Health (SCCDEH) has required Green Valley,
2   as the current owner and developer of 2266 Senter Road, to implement and administer a
3   groundwater monitoring program at the Site.")).)  According to the Caldo Defendants, "[t]his is
4   the corrective action that is referred to for the RCRA exemption at 40 CRF [sic] § 261.4(b)(10)."
5   (*Id.*)  As a result, the instant suit "will have no effect on the clean up pace."  (*Id.*)

6   Green Valley contends correctly that the SCCDEH's involvement at the Site does not
7   preclude a citizen suit under RCRA.  *See, e.g.*, *Gilroy Canning Co. v. Cal. Canners & Growers*,
8   15 F. Supp. 2d 943, 946-47 (holding that the fact that the California Regional Water Quality
9   Control Board, Central Coast Region and the Santa Clara Valley Water District were "diligently
10  enforcing investigation and remediation at the Site" did not prevent the plaintiff from pursuing a
11  RCRA claim for injunctive relief).  While an *enforcement suit* prosecuted by the EPA or the state
12  may preclude a citizen suit, neither the state nor the EPA has commenced such a suit here.

13   **5.   Natural Attenuation**

14   Defendants "note" for the Court that "the current guidelines for such sites are most
15  common to allow petroleum to remain in place for natural attenuation."  (Caldo Defs.' Mot. 10-
16  11.)  Even accepting *arguendo* that this is true, Defendants fail to explain how this supports their
17  motions to dismiss under Rule 12(b)(1).

18   **6.   Parties Responsible for Testing or Investigation**

19   Defendants contend that "[i]t is only Plaintiff as the only landowner that can do any
20  testing or investigation to Plaintiff's own land regarding any 'immediate and substantial
21  endangerment to health and the environment' [sic] It has apparently not done so, but instead has
22  built commercial structures over areas of contamination."  (Caldo Defs.' Mot. 11.)  This
23  argument ignores the purpose of RCRA's citizen suit provision.  *See* 42 U.S.C. § 6972(a).

24   **7.   Miscellaneous Grounds for Dismissal**

25   In their reply brief, the Caldo Defendants make several new arguments and frame
26  arguments made in their moving papers differently.  These arguments, as summarized by their
27  headings, are as follows:

28   • Citizen suits are discouraged when compliance is at hand–in this case there is

|   |   |
|---|---|
| 1 | compliance; |
| 2 | • Court may order parties to take necessary actions–in this case it is uncontroverted that this Defendant is taking necessary actions–no additional necessary actions to consider; and |
| 5 | • Plaintiff's actions suitable to be enjoined–sale of commercial units without proper notice and access provisions. |

(*See* Caldo Defs.' Reply.)  Without commenting on the merits of these arguments in some other context, the Court concludes that they are irrelevant to the disposition of the instant motion to dismiss under Rule 12(b)(1).

Defendants also argue for the first time that the citizen suit provision does not apply to alleged violations that occurred before 1976, the year RCRA was enacted.  Defendants contend that "Plaintiff fails to allege releases during the period after the enactment of RCRA."  (Caldo Defs.' Reply 14.)  However, while the FAC does allege that the Caldo Defendants owned the property at 2266 Senter Road "from at least 1966" (FAC ¶ 20), it also alleges that they "owned and operated a bulk fueling and gasoline service station at 2266 Senter Road from approximately 1966 until approximately July 1, 1998." (FAC ¶ 21).  The Court concludes that a reasonable reading of the FAC includes allegations that at least some of the RCRA violations occurred after 1976.

**B.     Declaratory Relief Claim**

Green Valley alleges that "this Court has jurisdiction over Green Valley's Fourteenth Cause of Action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1331." (FAC ¶ 11.)  Defendants argue that neither of these statutes provides subject matter jurisdiction for Green Valley's claim for declaratory relief.  However, for the reasons discussed above, Defendants have failed to show that the Court lacks subject matter jurisdiction over Green Valley's RCRA claim.  Accordingly, the instant action is a controversy "within [the Court's] jurisdiction" as understood under 28 U.S.C. § 2201 and "arising under" federal law as required by  28 U.S.C. § 1331.

//

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be denied.[3]

**IT IS SO ORDERED.**

DATED: 6/8/10

_____
JEREMY FOGEL
United States District Judge

---

[3] In its opposition brief, Green Valley objects to factual assertions in the Caldo Defendants' moving papers "relat[ing] to what the Caldo Defendants did to address the contamination before they sold the property at issue here to Green Valley, what Green Valley knew about the contamination and when it knew it, and how the Caldo Defendants were served with process." (Pl.'s Opp'n 3.) Because the assertions do not affect the Court's analysis of Defendants' motion to dismiss, the objections are overruled as moot.