United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREEN VALLEY CORPORATION, a California corporation, dba Barry Swenson Builder,<br><br>    Plaintiff,<br><br>v.<br><br>CALDO OIL COMPANY, a California corporation; VICTOR J. LOBUE, an individual and as trustee of the Victor J. LoBue Trust; THE VICTOR J. LOBUE TRUST; NELLA OIL COMPANY, LLC, a California limited liability company; and DOES 1 through 100,<br><br>    Defendants. | Case No.: 09-CV-04028-LHK<br><br>ORDER DENYING NELLA OIL COMPANY, LLC'S MOTION TO FIX ATTORNEYS' FEES AS AN ITEM OF COST PURSUANT TO 42 U.S.C. § 6972(e) |

On September 24, 2010, Defendant Nella Oil Company, LLC moved to fix attorneys' fees as an item of cost pursuant to 42 U.S.C. § 6972(e). Dkt. No. 49 ("Mot."). Plaintiff Green Valley Corporation opposes the motion. Dkt. No. 58 ("Opp'n"). Nella Oil did not file a reply brief. Pursuant to Civ. L.R. 7-1(b), the Court deems this motion suitable for decision without oral argument. After considering the parties' submissions, this Court DENIES Nella Oil's motion.

## I. BACKGROUND

Green Valley, the current owner of a contaminated property, brought this suit against the former owners of the property, the former owners and operators of the bulk fueling and gasoline

1

service station located on the property, and Nella Oil, the current owner of a gasoline service station on an adjacent parcel. Opp'n 1. Green Valley seeks recovery of costs, damages, and injunctive relief to address the contamination under federal and state law causes of action. *Id.* One of Green Valley's causes of action against Nella Oil arose under the Resource Conservation and Recovery Act ("RCRA"), RCRA § 7002(e), 42 U.S.C. § 6972(a)(1)(B).

On September 10, 2010, Green Valley and Nella Oil stipulated to the voluntary dismissal of Nella Oil pursuant to FED. R. CIV. P. 41(a)(1). Dkt. No. 47. Nella Oil then filed this motion claiming that it is entitled to reasonable attorneys' fees as costs pursuant to 42 U.S.C. § 6972(a)(1)(B) because Green Valley's claim was unreasonable and groundless and because Green Valley continued to litigate this case with knowledge that the claim was groundless and unreasonable as against Nella Oil. Mot. 1.

## II. ANALYSIS

Nella Oil argues that RCRA's fee-shifting provision, 42 U.S.C. § 6972(e), allows this Court to award reasonable attorneys' fees and costs to a prevailing party and further claims that such costs can be awarded to prevailing defendants upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. Mot. 7. Nella Oil argues that under this standard, this Court should award it attorneys' fees. *Id.* Green Valley contends that Nella Oil does not qualify for attorneys' fees because it is not a prevailing party and because Green Valley's case against Nella Oil was not frivolous, unreasonable, or without foundation. Opp'n 6-7. Even though Nella Oil's characterization of the applicable legal standard is correct, Nella Oil is not a prevailing party, and therefore, cannot recover attorneys' fees under § 6972(e).

Under 42 U.S.C. § 6972(e), "[t]he court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." 42 U.S.C. § 6972(e) (brackets in original). The Ninth Circuit has held that prevailing defendants can be awarded costs under the RCRA when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Razore v. Tulalip Tribes of Washington*, 66 F.3d 236, 240 (9th

Cir. 1995) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)).

Nevertheless, Nella Oil does not qualify for attorneys' fees under the statute because it is not a prevailing party. The Court reaches this conclusion for two reasons. First, Nella Oil's only argument that it is a prevailing party misreads the law. Nella Oil claims that under FED. R. CIV. P. 41, a voluntarily stipulated dismissal without prejudice acts as an adjudication on the merits. Mot. 7. A dismissal under Rule 41(a)(1) only acts as an adjudication on the merits, however, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim." FED. R. CIV. P. 41(a)(1)(B). Nella Oil provides no evidence that Green Valley previously dismissed a similar claim against it. Thus, Rule 41 does not make Nella Oil a prevailing party.

Second, recent Ninth Circuit holdings clearly support Green Valley's argument that Nella Oil is not a prevailing party. "The term 'prevailing party' . . . is a term of art that courts must interpret consistently throughout the United States Code." *Klamath Siskiyou Wildlands Ctr. v. United States Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (citing *Buckhannon Bd. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)). The definition set forth by the United States Supreme Court in *Buckhannon* requires a prevailing party "to have achieved 'a material alteration in the legal relationship of the parties' that is 'judicially sanctioned.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 604-05, 121 S. Ct. 1835). The Ninth Circuit applied this definition of prevailing party to the RCRA statute even though RCRA also includes the term "substantially prevailing party." *See Kasza v. Whitman*, 325 F.3d 1178, 1180 (9th Cir. 2003).

As Green Valley correctly points out, Opp'n 6-7, the Ninth Circuit has repeatedly held that a party voluntarily dismissed without prejudice does not qualify as a prevailing party, *see e.g.*, *United States v. Milner*, 583 F.3d 1174, 1196-97 (9th Cir. 2009) ("[A] dismissal without prejudice does not materially alter the legal relationship of the parties[] because the defendant remains subject to the risk of re-filing.") (citing *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008)); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) ("Because the plaintiffs

3

Case No.: 09-CV-04028-LHK
ORDER DENYING NELLA OIL COMPANY, LLC'S MOTION TO FIX ATTORNEYS' FEES AS AN ITEM OF COST PURSUANT TO 42 U.S.C. § 6972(e)

in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them."). Here, Green Valley is free to refile its complaint against Nella Oil. As a result, Nella Oil is not a prevailing party and cannot recover attorneys' fees under RCRA.

Because Nella Oil is not a prevailing party, the Court need not consider the other arguments made by the parties.

### III. CONCLUSION

For the foregoing reasons, Nella Oil's motion to fix attorneys' fees as an item of cost pursuant to 42 U.S.C. § 6972(e) is DENIED.

**IT IS SO ORDERED.**

Dated: December 9, 2010

_____
LUCY H. KOH
United States District Judge

4

Case No.: 09-CV-04028-LHK
ORDER DENYING NELLA OIL COMPANY, LLC'S MOTION TO FIX ATTORNEYS' FEES AS AN ITEM OF COST PURSUANT TO 42 U.S.C. § 6972(e)