1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GREEN VALLEY CORPORATION, a California corporation, dba Barry Swenson Builder, | ) ) ) | Case No.: 09-CV-04028-LHK |
| Plaintiff, | ) ) ) | ORDER GRANTING CALDO OIL COMPANY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND THIRD-PARTY COMPLAINT |
| v. | ) ) ) | |
| CALDO OIL COMPANY, a California corporation; VICTOR J. LOBUE, an individual and as trustee of the Victor J. LoBue Trust; THE VICTOR J. LOBUE TRUST; NELLA OIL COMPANY, LLC, a California limited liability company; and DOES 1 through 100, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

On March 14, 2011, Defendant Caldo Oil Company moved for leave to file a counterclaim against Plaintiff Green Valley Corporation and a third-party complaint against two named parties, All Environmental, Inc. and Peter McIntyre dba AEI Consultants. Dkt. No. 74 ("Mot."). Green Valley opposes the motion. Dkt. No. 79 ("Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court deems Caldo Oil's motion suitable for decision without oral argument. Accordingly, the Court vacates the motion hearing set for April 21, 2011 at 1:30 P.M. The Case Management Conference set for April 21, 2011 at 2:00 P.M. remains as set. After considering the parties' submissions and the relevant legal authorities, this Court hereby GRANTS Caldo Oil's motion.

///

1

# I. BACKGROUND

This case is based on Green Valley's allegation that Defendants caused the petroleum contamination present on Green Valley's San Jose property.

## A. Factual Background

From 1966 until 1997, Caldo Oil owned and operated a bulk fueling and gasoline service station in San Jose, California. Dkt. No. 13 ("FAC"), at ¶ 21. On August 30, 2005, Green Valley allegedly purchased from Caldo Oil, Victor J. LoBue, and The Victor J. LoBue Trust the property where this station was located (the "Property"). *Id.* at ¶ 24. In 2006, an Olympic gasoline service station owned and operated by Nella Oil Company, LLC was placed adjacent to the Property. *Id.* ¶ 25. Green Valley claims that in September of 2006, excavation work by a general contractor on the Property revealed the presence of petroleum impacted soils. *Id.* ¶ 29. Based on soil and groundwater samples taken from the property, the Santa Clara County Department of Environmental Health (SCCDEH) required Green Valley to implement and administer a groundwater monitoring program. *Id.* ¶¶ 29, 31. Green Valley claims that Defendants caused or contributed to the contamination currently present on the Property. *Id.* ¶ 46. As a result, Green Valley filed suit claiming fourteen causes of action against Defendants in order to recoup costs that it has and will incur in investigating and remediating the contamination present on the Property. *Id.* ¶ 49. Green Valley also seeks damages and injunctive relief against Defendants for their contribution to the contamination of the Property.

## B. Procedural History

Green Valley filed its original complaint on August 31, 2009, Dkt. No. 1, and its First Amended Complaint ("FAC") on December 21, 2009, Dkt. No. 13. On September 10, 2010, the parties stipulated to Nella Oil's dismissal without prejudice from the case. Dkt. No. 47. This left only Caldo Oil, Victor Lobue, and The Victor Lobue Trust, the alleged previous owners of Green Valley's property, as Defendants in the case. With counsel for these parties present, the Court set a case schedule on December 9, 2010. Dkt. No. 62. Under this schedule, fact discovery is set to close on September 9, 2011 and a jury trial is scheduled for January 23, 2012. *Id.*

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    On February 10, 2011, Caldo Oil filed two documents with the Court.  According to the

2    docket entries associated with these documents, they were "crossclaims."  However, the cover

3    sheet of each of the documents identified them as "cross complaints," the first against Green Valley

4    and the second against AEI Consultants and All Environmental, Inc.  Dkt. Nos. 70, 71.  On March

5    3, 2011, Green Valley moved to strike Caldo Oil's "crossclaims."  Dkt. No. 72.

6        In conjunction with its response to Green Valley's motion to strike, Caldo Oil filed, on

7    March 14, 2011, the motion at issue here.  Dkt. No. 74.  Caldo Oil styled its motion as a motion for

8    leave to file a counterclaim against Green Valley and a third-party complaint against AEI

9    Consultants and All Environmental, Inc.  Attached to the motion were copies of Caldo Oil's

10   proposed pleadings.  While these proposed pleadings differed stylistically from the documents that

11   Caldo Oil filed on February 10, 2011, both contain the same substantive allegations and claims.

12   Recognizing that Green Valley's motion to strike Caldo Oil's original cross complaints was moot,

13   the parties stipulated to its withdrawal and the withdrawal of Caldo Oil's cross complaints.  Dkt.

14   No. 80.  As a result, all that remains before the Court is Caldo Oil's March 14, 2011 motion for

15   leave to file the counterclaim and third-party complaint attached to its motion.

16   **C.  Facts Alleged in Caldo Oil's Counterclaim and Third-Party Complaint**

17       In its proposed counterclaim and third-party complaint, Caldo Oil admits that it owned the

18   property purchased by Green Valley and concedes that it previously used the property to operate a

19   bulk fueling facility.  *See* Mot., Ex. A ("Countercl."), at ¶ 13; *see also* Mot., Ex. B ("3d P.

20   Compl.").  Caldo Oil claims that prior to selling the property, it undertook and paid for an

21   extensive remediation of the property.  *Id.* ¶ 14.  According to Caldo Oil, this resulted in the March

22   23, 2005 closure of the property, a closure that was allegedly memorialized by a public closure

23   letter.  *Id.* ¶¶ 14-15.  Caldo Oil claims that before the close of escrow on its sale of the property to

24   Green Valley,[1] Caldo Oil disclosed to Green Valley the presence of permitted levels of pollution on

25   the property.  *Id.* ¶¶ 27-20.

26

27   _____

[1] Caldo Oil also refers to Green Valley as Barry Swenson, a shortened version of Green Valley's
28   doing business as name: "Barry Swenson Builder."  For simplicity, the Court will refer to Plaintiff
     as Green Valley.

3

Case No.: 09-CV-04028-LHK
ORDER GRANTING CALDO OIL COMPANY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND
THIRD-PARTY COMPLAINT

1    Caldo Oil alleges that despite these warnings, Green Valley built 33,011 square feet of

2  commercial real estate on the property and did so without sufficient testing and oversight.  *Id.* ¶¶

3  21-24.  Caldo Oil claims that Green Valley hired Peter McIntyre dba AEI Consultants and All

4  Environmental, Inc. as its environmental consultant to advise it on environmental issues arising

5  during construction on the property.  *Id.* ¶ 25.  According to Caldo Oil, Green Valley, AEI, and All

6  Environmental discovered contamination during construction on Green Valley's property but chose

7  to continue construction efforts without undertaking remediation or other appropriate measures.  *Id.*

8  ¶¶ 27-28.  Caldo Oil claims that Green Valley, AEI, and All Environmental's subsequent actions

9  caused or contributed to the release of petroleum related hazardous substances into soil and

10  groundwater.  *Id.* ¶¶ 32-34.  In addition, Caldo Oil also claims that Green Valley, AEI, and All

11  Environmental failed to take a number of actions that could have protected the property from

12  further contamination.  *Id.* ¶ 35.

13    Based on these allegations, Caldo Oil seeks to bring 13 counterclaims against Green Valley

14  and 8 causes of action against All Environmental and AEI.  Caldo Oil's proposed counterclaims

15  against Green Valley are: (1) Negligence; (2) Negligence Per Se; (3) Strict Liability for Ultra

16  Hazardous Activity; (4) Apportionment of Fault; (5) Declaratory Relief; (6) Breach of Contract; (7)

17  Equitable Indemnification; (8) Indemnity & Contribution (Contract); (9) Fraud; (10) Abatement of

18  Public Nuisance; (11) Abatement of Public Nuisance Per Se; (12) Abatement of Imminent and

19  Substantial Endangerment under RCRA § 7002(a)(1)(B); and (13) Contribution under California's

20  Hazardous Substances Account Act.  Caldo Oil's proposed claims against All Environmental and

21  AEI are: (1) Negligence; (2) Negligence Per Se; (3) Strict Liability for Ultra Hazardous Activity;

22  (4) Apportionment of Fault; (5) Declaratory Relief; (6) Equitable Indemnification; (7) Fraud; and

23  (8) Abatement of Imminent and Substantial Endangerment under RCRA § 7002(a)(1)(B).

24                                    **II.  ANALYSIS**

25      **A.  Motion for Leave to File Counterclaim**

26    In its moving papers, Caldo Oil cites Federal Rule of Civil Procedure 15(a) as the rule

27  controlling whether Caldo Oil may file its counterclaim.  Mot. 6.  Rule 15 governs when a party

28  may amend a pleading, *see* FED. R. CIV. P. 15(a)(2) (If a pleading is not amended as a matter of

4

1  course, "a party may amend its pleading only with the opposing party's written consent or the

2  court's leave."), including an amendment to add a counterclaim, FED. R. CIV. P. 13 advisory

3  committee's note ("An amendment to add a counterclaim will be governed by Rule 15.") (2009

4  amend.).  Green Valley contends that Rule 15 is irrelevant here and urges this Court to apply Rule

5  12(a).  Opp'n 4.  Rule 12(a) governs the time to serve a responsive pleading.  In general, a

6  defendant must serve an answer within 21 days after being served with the summons and

7  complaint.  FED. R. CIV. P. 12(a)(1)(A)(i).  Green Valley views Caldo Oil's motion as an attempt to

8  file an untimely pleading and claims that Caldo Oil must demonstrate that it has "good cause" for

9  its failure to file the proposed pleading on time.  Opp'n 4-5.

10       This basic disagreement appears to be the result of mutual confusion.  On the one hand,

11  Rule 12 should be irrelevant because Caldo Oil has already answered Green Valley's FAC.  Dkt.

12  No. 40 ("Ans.").  Caldo Oil's July 16, 2010 Answer responded to the allegations outlined in Green

13  Valley's FAC and listed 64 different affirmative defenses.  *Id.*  Caldo Oil's Answer was timely

14  filed pursuant to stipulation and court order.  *See* Dkt. No. 39.  Caldo Oil's answer did not,

15  however, contain any counterclaims.

16       On the other hand, Rule 15 may not apply because Caldo Oil has not provided the Court

17  with an amended pleading.  Instead, Caldo Oil has attached to its motion what appears to be a new

18  and distinct pleading.  *See* Countercl.  This pleading is styled as a "Counterclaim Against Green

19  Valley Corporation."  It lists 13 counterclaims, asserts a jury trial demand, outlines the basis for

20  jurisdiction and venue, makes factual allegations, and requests relief.  Caldo Oil's proposed

21  pleading does not, however, contain any responses to Green Valley's FAC or any affirmative

22  defenses.  Thus, even though the proposed pleading does bear some similarity to a responsive

23  pleading, several key features are missing.

24       Despite the ambiguous nature of Caldo Oil's intentions, the Court will treat Caldo Oil's

25  present motion as a motion to amend its July 16, 2010 answer to add the 13 counterclaims listed in

26  its proposed "counterclaim."  This is the most logical assumption for several reasons.  First,

27  defendants who move to file counterclaims not pled in their answer usually seek to do so by

28  amending their answer.  *See e.g.*, *Juarez v. Jani-King of Cal., Inc.*, No. 09-3495 SC, 2010 U.S.

**United States District Court**
For the Northern District of California

5

1  Dist. LEXIS 127729 (N.D. Cal. Nov. 19, 2010) (applying Rule 15 to a defendant's motion to file

2  counterclaim where the defendant sought to amend its answer to include three new counterclaims

3  against the plaintiff).  Second, the fact that the proposed pleading contains no responses to Green

4  Valley's FAC makes it unlikely that Caldo Oil intends to abandon its former answer in favor of the

5  proposed "counterclaim" attached to its current motion.[2]  Finally, Caldo Oil has based its motion

6  on the standard announced by Rule 15(a), which explicitly governs amending pleadings.

7      Based on this assumption, the Court will consider whether Caldo Oil may amend its answer

8  to add the proposed counterclaims pursuant to Rule 15.

9          **1.  Rule 15**

10     If a pleading is not amended as a matter of course, "a party may amend its pleading only

11  with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  When a

12  party seeks leave of the court, "[t]he court should freely give leave when justice so requires." *Id.*

13  "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*,

14  316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

15  708, 712 (9th Cir. 2001)).  "In the absence of any apparent or declared reason—such as undue

16  delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing

17  party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought

18  should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227,

19  230, 9 L. Ed. 2d 222 (1962).

20      "These factors, however, are not of equal weight . . . ." *DCD Programs, Ltd. v. Leighton*,

21  833 F.2d 183, 186 (9th Cir. 1987).  "Undue delay by itself . . . is insufficient to justify denying a

22  motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citation omitted).  "[I]t is

23  the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*

24  *Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 185).  "Absent prejudice, or a strong

25  showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in

26  favor of granting leave to amend." *Id.* (citation omitted).  "The party opposing leave to amend

27

28  _____

[2] Furthermore, under Rule 7, a "counterclaim" is not one of the pleadings recognized by the federal rules.  *See* FED. R. CIV. P. 7(a)(1)-(7).

6

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   bears the burden of showing prejudice."  *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870

2   (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

3        Caldo Oil asserts that none of the *Foman* factors are present here.  Mot. 6.  Caldo Oil

4   emphasizes that the process of formal discovery in this case has just begun.  *Id.*  According to

5   Caldo Oil, it seeks leave to file the proposed counterclaims because of material Caldo Oil recently

6   discovered from Green Valley.  *Id.* at 7.  Caldo Oil argues that this material shows fraudulent

7   conduct on the part of Green Valley and that denial of Caldo Oil's motion will cause it to suffer

8   "great injustice."  Dkt. No. 81 ("Reply"), at 3.

9        Green Valley objects to Caldo Oil's motion on several grounds.  None of these objections,

10  however, persuades the Court that it should deny Caldo Oil's motion.

11               **2.  Undue Prejudice**

12       Only one of Green Valley's objections goes to prejudice, the most important *Foman* factor.

13  Green Valley claims that there is little time left before the parties must complete discovery.  Opp'n

14  6.  As Green Valley correctly notes, the discovery deadline is currently September 9, 2011 and the

15  deadline to file dispositive motions is September 29, 2011.  Green Valley argues that allowing

16  Caldo Oil to amend its Answer will make it difficult for the parties to meet those deadlines.  *Id.*

17       Although the Court appreciates Green Valley's concern, the Court is not persuaded that

18  Green Valley will suffer undue prejudice if this Court grants Caldo Oil's motion.  As Caldo Oil

19  points out, Green Valley argues in its opposition that Caldo Oil has made, from the beginning of

20  this litigation, the allegations contained in its proposed counterclaim.  Opp'n 5.  Green Valley also

21  argues in its opposition that Caldo Oil's proposed counterclaim is nothing more than an elaborate

22  way of stating that Green Valley failed to mitigate damages, which is an affirmative defense that

23  Caldo Oil pled in its Answer.  *Id.* at 6.  Thus, under Green Valley's own admission, nothing about

24  Caldo Oil's proposed counterclaim comes as a surprise.  Although allowing Caldo Oil to amend its

25  Answer may force the parties to hasten their discovery efforts, the deadlines are not unachievable.

26  The Court did not even set the case schedule until December 9, 2010, and over four months still

27  remain before the close of discovery.  To deny Caldo Oil's motion to amend its Answer to include

28  claims that potentially attach liability to Green Valley rather than Caldo Oil would go against the

7

1  policy of deciding this case on its merits. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

2  1981) (In exercising discretion under Rule 15, "a court must be guided by the underlying purpose

3  of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities.")

4  (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 102-03, 2 L. Ed. 2d 80 (1957)).[3]

5              **3. Futility**

6          Green Valley also argues that Caldo Oil's proposed counterclaims are unnecessary and are

7  not affirmative claims for relief. *Id.* at 6. According to Green Valley, Caldo Oil's proposed

8  counterclaims represent nothing more than a restatement of Caldo Oil's defense that Green Valley

9  failed to mitigate damages. *Id.*

10         Green Valley's argument about the unnecessary nature of Caldo Oil's counterclaims

11  appears to go to the futility *Foman* factor. "[A] proposed amendment is futile only if no set of facts

12  can be proved under the amendment to the pleadings that would constitute a valid and sufficient

13  claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation

14  omitted). "However, denial [of a motion to amend] on this ground is rare and courts generally

15  defer consideration of challenges to the merits of a proposed amended pleading until after leave to

16  amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043

17  (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

18  Although Green Valley comments generally on the superfluous nature of Caldo Oil's proposed

19  counterclaims, Green Valley provides no reasons why any of Caldo Oil's proposed counterclaims

20  are futile. Due to the general preference against denying a motion for leave to amend based on

21  futility, the Court will defer any determination of the sufficiency of Caldo Oil's counterclaims until

22  after Caldo Oil files an amended answer.

23         Nevertheless, the Court notes that Green Valley's general attack on Caldo Oil's proposed

24  counterclaims has merit. It is not entirely clear how the allegations contained in Caldo Oil's

25  proposed counterclaim support any independent causes of action. In other words, it is not

26

27  _____
   [3] Green Valley represents that if the Court grants Caldo Oil's motion, it will move to sever Caldo
   Oil's newly asserted counterclaims and have them tried after the main action. Opp'n 6. Although
28  the Court will certainly consider any motion Green Valley files, motions to delay the adjudication
   of this case in full will be disfavored.

8

Case No.: 09-CV-04028-LHK
ORDER GRANTING CALDO OIL COMPANY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND
THIRD-PARTY COMPLAINT

1   immediately clear from the allegations made in the counterclaim how Green Valley's conduct

2   caused Caldo Oil injury.  Most of the allegations appear to do nothing more than suggest that

3   Green Valley negligently or intentionally exacerbated the contamination present on the Property.

4   Such allegations, as Green Valley argues, are more suited to support an affirmative defense rather

5   than an independent cause of action.  Caldo Oil should, therefore, consider the strength of each of

6   its proposed counterclaims before adding them to any amended answer.  Legally insufficient claims

7   and claims not supported by factual allegations will be subject to dismissal.[4]

8                            **4.  Undue Delay**

9        Green Valley also opposes Caldo Oil's motion on the grounds of undue delay.  Green

10  Valley argues that Caldo Oil misrepresents its alleged recent discovery of information.  Opp'n 5.

11  Green Valley claims that it produced documents to Defendants on February 11, 2011 in response to

12  Defendants' first set of document requests.  *Id.*  Green Valley points out, however, that Caldo Oil

13  filed its now-withdrawn "Cross Complaints" on February 10, 2011.  *Id.*  This, according to Green

14  Valley, undercuts Caldo Oil's claim that the proposed counterclaims are based on recently

15  discovered information.  *Id.*  Furthermore, Green Valley claims that the allegations contained in the

16  proposed counterclaims are the same allegations that Caldo Oil has been asserting since

17  Defendants first appeared in this case.  *Id.* at 5-6.

18       Caldo Oil responds that it only recently discovered the information that forms the basis of

19  its counterclaims by analyzing documents and interviews with AEI workers.  Reply 4.

20       Despite Caldo Oil's protestations to the contrary, it appears that Caldo Oil could have

21  amended its answer to include the proposed counterclaims earlier than February 10, 2011.  But

22  even if this is the case, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to

23  amend." *Bowles*, 198 F.3d at 758 (citation omitted).  Because granting Caldo Oil's motion will not

24  cause Green Valley undue prejudice, Caldo Oil's alleged delay in seeking to amend its answer does

25  not justify denying Caldo Oil's motion to file counterclaims.

26

27  [4] Green Valley also states that it intends to move to strike Caldo Oil's proposed pleading if the
    Court grants Caldo Oil leave to file it.  Opp'n 7.  According to Green Valley, Caldo Oil's proposed
    counterclaim is sloppily drafted and even misidentifies Caldo Oil Company as Caldo Oil Company,

28  LLC.  *Id.*  If Caldo Oil chooses to amend its answer, it should properly address Green Valley's
    legitimate criticism of its proposed counterclaims.

9

United States District Court
For the Northern District of California

1

### 5.  Summary

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (citation omitted).  Green Valley, as the party opposing leave to amend, bears the burden of showing prejudice.  *See Serpa*, 318 F. Supp. 2d at 870 (citation omitted).  As noted above, Green Valley has failed to carry its burden.  As a result, Caldo Oil is entitled to a presumption in favor of granting its motion.  In conformity with the Ninth Circuit's announced policy that courts should apply Rule 15 "with extreme liberality," *Eminence Capital*, 316 F.3d at 1051 (quotation marks omitted), the Court grants Caldo Oil's motion to amend its Answer to add the allegations and counterclaims contained in its proposed counterclaim.  Even though the Court grants Caldo Oil's motion, the Court's decision does not act as an endorsement of any of Caldo Oil's proposed counterclaims.

### B.  Motion for Leave to File a Third-Party Complaint

In addition to seeking leave to file counterclaims against Green Valley, Caldo Oil also seeks leave to file a third-party complaint against AEI and All Environmental.  Mot. 7.  Green Valley objects to Caldo Oil's request for leave to file a third-party complaint for substantially the same reasons that it objects to Caldo Oil's request for leave to file a counterclaim.  Opp'n 4-7.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  FED. R. CIV. P. 14(a)(1).  "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted).  "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (quotation and quotation marks omitted).  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (quotation and quotation marks omitted).

10

1   If a defendant files the third-party complaint more than 14 days after serving its original

2   answer, the defendant must, by motion, obtain the court's leave to file its third-party complaint.

3   FED. R. CIV. P. 14(a)(1).  "The decision whether to implead a third-party defendant is addressed to

4   the sound discretion of the trial court."  *Southwest Adm'rs.*, 791 F.2d at 777 (citing *United States v.*

5   *One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)).  In deciding whether to allow a

6   third-party complaint, courts find it helpful to consider: "(1) prejudice to the original plaintiff; (2)

7   complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to

8   implead."  *See Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); *see also Zero*

9   *Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

10   Green Valley's objections to Caldo Oil's motion for leave to file a third-party complaint

11   have persuasive weight.  To bring in additional parties to this action only 4.5 months prior to the

12   close of discovery could delay the resolution of this case.  Unlike Green Valley, AEI and All

13   Environmental have not been participating in the case since August 31, 2009.  AEI and All

14   Environmental's lack of familiarity with the case will likely slow discovery and potentially

15   necessitate a new trial date.  This is particularly undesirable because it appears that this problem

16   could have been avoided.  Caldo Oil filed its Answer to Green Valley's complaint on July 16,

17   2010, almost seven months before Caldo Oil first sought to bring AEI and All Environmental into

18   this case.  The lateness of Caldo Oil's motion is not well received.

19   Despite these concerns, the Court grants Caldo Oil's motion.  Because the dispute between

20   Green Valley and Defendants has been pending for almost two years already, the Court favors

21   resolving all of the disputes between the parties as expeditiously as possible.  According to Caldo

22   Oil, AEI and All Environmental helped cause the contamination present on the Property.

23   Therefore, AEI and All Environmental are, according to Caldo Oil's representations, potentially

24   liable for part or all of Green Valley's claims against Caldo Oil.  If Caldo Oil is not permitted to

25   implead AEI and All Envrionmental into this action, Caldo Oil will be forced to seek separate

26   relief in a new cause of action.  This would frustrate judicial efficiency.[5]

27

28

---

[5] Further supporting the Court's decision is Caldo Oil's argument that All Environmental and AEI are required parties pursuant to Federal Rule of Civil Procedure 19.  Mot. 7-8.  Green Valley provides no opposition to Caldo Oil's argument.

11

**III.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Caldo Oil's motion for leave to file its counterclaim and third-party complaint.  Caldo Oil shall file an amended answer, if any, within seven (7) days of this order.

The Case Management Conference set for April 21, 2011 at 2:00 P.M. remains as set.  The parties are encouraged to address any scheduling concerns at the case management conference.

**IT IS SO ORDERED.**

Dated: April 18, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 09-CV-04028-LHK
ORDER GRANTING CALDO OIL COMPANY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND THIRD-PARTY COMPLAINT