UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREEN VALLEY CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> CALDO OIL COMPANY, a California corporation, et al., DOES 1 through 100, </br></br> Defendants. | Case No.: 5:09-CV-04028-LHK </br></br> ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE THIRD PARTY COMPLAINT AND TO DISMISS SECOND AMENDED COMPLAINT, AND DENYING MOTION TO QUASH SERVICE OF THIRD PARTY COMPLAINT AS MOOT |

Plaintiff Green Valley Corporation ("Plaintiff") has moved for leave to file a Second Amended Complaint ("SAC"). *See* Dkt. No. 89 ("Motion to Amend"). Defendants Caldo Oil Company ("Caldo Oil"), Victor J. LoBue, and the Victor J. LoBue Trust (collectively, "Caldo Oil Defendants") oppose Plaintiff's motion. In addition, the Caldo Oil Defendants have moved to strike and dismiss Plaintiff's SAC and a Third Party Complaint (TPC) filed by Plaintiffs. *See* Dkt. No. 104 ("Motion to Strike"). The Caldo Oil Defendants, along with other defendants named in the TPC, have also moved to quash service of Plaintiff's Third Party Complaint. *See* Dkt. No. 102 ("Motion to Quash"). After considering the parties' briefs relating to these Motions, the Court finds this matter suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearings on these Motions, set for August 11, 2011 and September 22, 2011 are hereby

1

VACATED. The August 11, 2011 Case Management Conference will remain as set at 1:30 p.m. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Amend, GRANTS-IN-PART and DENIES-IN-PART the Caldo Oil Defendants' Motion to Strike, and DENIES the Caldo Oil Defendants' Motion to Quash as moot.

## I. BACKGROUND

### A. Factual Background

From 1966 until 1997, Caldo Oil owned and operated a bulk fueling and gasoline service station in San Jose, California. Dkt. No. 13 ("FAC"), at ¶ 21. On August 30, 2005, Green Valley allegedly purchased from Caldo Oil, Victor J. LoBue, and The Victor J. LoBue Trust the property where this station was located (the "Property"). *Id.* at ¶ 24. In 2006, an Olympic gasoline service station owned and operated by Nella Oil Company, LLC was placed adjacent to the Property. *Id.* ¶ 25. Green Valley claims that in September of 2006, excavation work by a general contractor on the Property revealed the presence of petroleum-impacted soils. *Id.* ¶ 29. Based on soil and groundwater samples taken from the property, the Santa Clara County Department of Environmental Health (SCCDEH) required Green Valley to implement and administer a groundwater monitoring program. *Id.* ¶¶ 29, 31. Green Valley claims that defendants caused or contributed to the contamination on the Property. *Id.* ¶ 46. As a result, Green Valley filed suit claiming fourteen causes of action against defendants in order to recoup costs that it has and will incur in investigating and remediating the contamination present on the Property. *Id.* ¶ 49. Green Valley also seeks damages and injunctive relief against defendants for their contribution to the contamination of the Property.

Salvadore and Tanie Ann LoBue were Victor LoBue's parents. SAC ¶ 10. Salvadore and Tanie Ann were also the original owners and lessors of the Property. *Id.* Plaintiff believes Salvadore and Tanie Ann were responsible for the release of petroleum into the soil during their period of ownership. *Id.* Plaintiff also believes the assets of Salvadore and Tanie Ann LoBue were placed into various trusts of which Victor LoBue is trustee, including the LoBue Living Trust and the LoBue Family Trust. *Id.* at ¶ 9, 12. Finally, Plaintiff alleges that a judgment against the LoBues' estates should be satisfied by insurance purchased by the LoBues. *Id.* at ¶ 11.

2
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

### B. Procedural Background

Green Valley filed its original complaint on August 31, 2009, Dkt. No. 1, and its First Amended Complaint ("FAC") on December 21, 2009, Dkt. No. 13. On September 10, 2010, the parties stipulated to Nella Oil's dismissal without prejudice from the case. Dkt. No. 47. This left only Caldo Oil, Victor Lobue, and The Victor Lobue Trust, the alleged previous owners of Green Valley's property, as Defendants in the case. With counsel for these parties present, the Court set a case schedule on December 9, 2010. Dkt. No. 62. Under this schedule, fact discovery is set to close on September 9, 2011, and a jury trial is scheduled for January 23, 2012. *Id.* On March 14, 2011, the Caldo Oil Defendants filed a motion for leave to file a counterclaim against Green Valley and a third-party complaint against AEI Consultants and All Environmental, Inc. Dkt. No. 74. The Court granted this motion and the Caldo Oil Defendants filed their third-party complaint and counterclaim on April 25, 2011.

At a case management conference on April 21, 2011, Plaintiff discussed the fact that it intended to file an amended complaint adding the estates of Victor J. LoBue's parents, Salvadore and Tanie Ann LoBue, as defendants. Counsel for the Caldo Oil Defendants stated that they might oppose such an amendment. The Court ordered that the parties either stipulate to filing of the proposed SAC, or that Plaintiff move for leave to file it, by April 28, 2011. *See* Dkt. No. 88. On April 28, 2011, Plaintiff filed the Motion to Amend that is under consideration here. Dkt. No. 89. Plaintiff seeks leave to file the SAC to add a fifteenth cause of action of "nondisclosure," and to add the Lobue Living Trust, the LoBue Fmaily Trust, and the estates of Salvadore R. LoBue and Tanie Ann LoBue as defendants for most of the asserted causes of action. The Caldo Oil Defendants timely filed their Opposition ("Opposition to Amend") on May 23, 2011. Dkt. No. 96. Plaintiff filed its Reply ("Reply to Amend") to the Opposition on June 1, 2011. Dkt. No. 100. Without leave of Court, Plaintiff filed the SAC itself on May 16, 2011, despite the fact that no party stipulation had been reached approving this filing. Plaintiff now concedes this filing was in error, and stated in its Reply to Amend that it would withdraw the SAC filed on May 16, 2011. However, several months later, it has not done so.

Plaintiff also filed a pleading it titled a Third Party Complaint ("TPC") on May 27, 2011, naming a subset of defendants identified in the SAC (Victor LoBue, the estates of Salvadore R. LoBue and Tanie Ann LoBue, the LoBue Family Trust, and the LoBue Living Trust) and adding Marijo LoBue, wife of Victor LoBue. *See* Dkt. No. 99. The TPC asserts fourteen of the fifteen causes of action asserted in the SAC, generally in identical language that appears to have been copied from the SAC. The Caldo Oil Defendants and some of the other defendants, appearing specially, moved to quash service ("Motion to Quash") of the TPC on June 16, 2011. *See* Dkt. No. 102. Plaintiff filed its Opposition to the Caldo Oil Defendants' Motion to quash service ("Opposition to Quash") on July 7, 2011. *See* Dkt. No. 110. The Caldo Oil Defendants also moved to strike and dismiss ("Motion to Strike") Plaintiff's SAC and TPC on June 16, 2011. *See* Dkt. No. 104. Plaintiff filed its Opposition to the Motion to strike the SAC ("Opposition Strike SAC") on July 6, 2011, and its Opposition to the Motion to strike the TPC ("Opposition Strike TPC") on July 7, 2011. *See* Dkt. Nos. 109, 110. The oppositions should have been filed by June 30, 2011. *See* Civ. L.R. 7-3(a). The Caldo Oil Defendants failed to file a reply brief in support of either motion within the time provided by the Civil Local Rules. *See* Civ. L.R. 7-3(c).

## II. ANALYSIS OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. *Id.* at 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id*. Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "[I]t is the consideration of prejudice to the opposing party that carries the

4
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 185). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

Plaintiff has moved for leave to file a Second Amended Complaint so that it may add a fifteenth cause of action of nondisclosure. Plaintiff also seeks to add the Estates of Salvadore and Tanie Ann LoBue as defendants for twelve causes of action.

B.   Futility of Plaintiff's Addition of the Estates of Salvadore and Tanie Ann LoBue

The Caldo Oil Defendants assert that allowing Plaintiff to file a Second Amended Complaint would be futile. Defs.' Opp'n at 4-5. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Caldo Oil Defendants argue that granting leave to amend would be futile because, they believe, claims two through fourteen are time-barred. Defs.' Opp'n at 4-5. Where an amended claim is time-barred, the claim is futile, and amendment should be denied. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1060 (9th Cir. 2008). However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo v. United States,* 68 F.3d 1204, 1207 (9th Cir. 1995).[1]

"'An action to establish the decedent's liability for which the decedent was protected by insurance may be commenced . . . without first filing a claim'" in probate. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 841 (9th Cir. 1996) (citing Cal. Probate Code § 9390(a)). Here, Plaintiff states the amendments in the SAC are made to "establish their [Salvadore and Tanie Ann LoBue's]

---

[1] The Caldo Oil Defendants have failed to cite any authority in support of their argument that Plaintiff's claims are time-barred other than California Probate Code § 550. As discussed in this Order, the Caldo Oil Defendants missed the majority of the critical analysis on the question they raised in their Opposition to the Motion to Amend. Both parties are discouraged from filing pleadings without thoroughly researching them in advance to ensure that their arguments are supported by applicable law.

5

Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

1    liability for which they were protected by insurance." Pl.'s Mot. at 3. California Probate Code §

2    550, *et. seq.*, therefore applies to this case, and Plaintiff was not required to file a probate claim

3    prior to adding the decedents as defendants to this suit. California Probate Code § 551 states that,

4    "if the limitations period otherwise applicable to the action has not expired at the time of the

5    decedent's death, an action under this chapter may be commenced within one year after the

6    expiration of the limitations period otherwise applicable." In other words, if Plaintiff had a cause

7    of action against Salvadore or Tanie Ann LoBue during their lifetime, Plaintiff may sue on that

8    cause of action within one year of the action's normal statute of limitations. Therefore, Plaintiff's

9    claims against these estates are not necessarily time-barred. The Court must examine each cause of

10   action to see whether a claim may be brought against the decedents under § 551. Where a cause of

11   action appears to be time-barred, the Court must evaluate whether that cause of action relates back

12   to the filing of the original complaint.

13   As a preliminary matter, the Court notes that California law applies to the question of

14   relation back. "Under California law, a plaintiff who names a Doe defendant in his complaint and

15   alleges that the defendant's true name is unknown has three years from the commencement of the

16   action in which to discover the identity of the Doe defendant, to amend the complaint accordingly,

17   and to effect service of the complaint." *Lindley v. General Electric Co.*, 780 F.2d 797, 799 (9th

18   Cir. 1986) (citing Cal. Civ. Proc. Code § 474). The Ninth Circuit has applied § 474 to state claims

19   filed in federal court pursuant to diversity jurisdiction. *See generally id*. The Ninth Circuit has

20   also applied this statute to claims brought under 42 U.S.C. § 1983 and to *Bivens* suits, as the statute

21   of limitations for those actions is governed by California law. *See Kreines v. United States*, 959

22   F.2d 834, 836-37 (9th Cir. 1992) (applying Cal. Civ. Proc. Code §§ 474 to a *Bivens* suit); *Cabrales*

23   *v. County of Los Angeles,* 864 F.2d 1454, 1462-64 (9th Cir. 1988) (applying the statute to a § 1983

24   suit). California's law governing relation-back of claims therefore applies to state law claims over

25   which a federal court has supplemental jurisdiction, as California law determines the statute of

26   limitations to be applied to such claims. Accordingly, the Court will apply § 474 here in its

27   examination of whether each claim may be related back.

28

Plaintiff filed its original complaint on August 31, 2009. *See* Dkt. No. 1. The Motion for Leave was filed on April 28, 2011 (Dkt. No. 89), well within the three years California law allows for relation back. Where a state-law claim would be time barred if it were considered to have been brought for the first time in Plaintiff's SAC, but would be timely if raised in the initial complaint, the Court must treat the claim as though it were filed at the time of the original complaint, on August 31, 2009. The Court must decide whether each of the applicable twelve claims could have been brought against the decedents on August 31, 2009.

### 1.     First Cause of Action: Imminent and Substantial Endangerment

Plaintiff has not amended its first cause of action for abatement of an imminent and substantial endangerment brought under 42 U.S.C. § 6972(a)(1)(B). In the First Amended Complaint, this cause of action was brought against "all Defendants," meaning Caldo Oil, Victor LoBue, the Victor LoBue Trust, and Nella Oil Company. FAC at 1, 7. In the SAC, this cause of action is brought against defendants Caldo Oil, Victor LoBue, and the Victor LoBue Trust. SAC at 8.[2] Because this claim is asserted against the same defendants in both complaints, the Court need not examine this claim, as it has not changed. Accordingly, Plaintiff's Motion to Amend is GRANTED as to the first cause of action.

### 2.     Second Through Fifth Causes of Action: Nuisance

Four of Plaintiff's causes of action against the Caldo Oil Defendants involve nuisance: abatement of a public nuisance, abatement of a public nuisance *per se*, abatement of a continuing private nuisance, and abatement of a continuing private nuisance *per se*. Neither a public nuisance nor a public nuisance *per se* is subject to a statute of limitations. Cal. Civ. Code § 3490 ("No lapse of time can legalize a public nuisance, amounting to an actual obstruction of public right."). Similarly, a continuing private nuisance effectively has no statute of limitations, as "every continuation of the nuisance gives rise to a separate claim for damages caused by the nuisance." *Mangini v. Aerojet-General Corp.*, 12 Cal. 4th 1087, 1093 (Cal. 1996) (internal citations and quotation marks omitted). The continuing nature of the alleged wrong prevents a statute of

---

[2] Defendant Nella Oil has been dismissed from this case by the parties' mutual stipulation. *See* Dkt. No. 47.

7
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

limitations from being applied to these claims. Based on the pleadings, it appears that neither Plaintiff's claims for public nuisance, nor its claims for continuing private nuisance, are subject to a statute of limitations. If this is true, these claims did not expire before August 31, 2009. Therefore, Plaintiff's nuisance claims against the estates of Salvadore and Tanie Ann LoBue do not appear to be time-barred. Accordingly, the Court GRANTS Plaintiff's Motion to Amend with respect to these claims.

### 3. Sixth Cause of Action: Continuing Trespass

Plaintiff alleges that Salvadore and Tanie Ann LoBue, along with the existing defendants, perpetuated a continuing trespass upon Plaintiff's land. SAC ¶¶ 92-97. Similar to a continuing nuisance, "[c]ontinuing trespasses are essentially a series of successive injuries, and the statute of limitations begins anew with each injury." *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583, 592 (2007). Like a continuing nuisance claim, Plaintiff's action for continuing trespass may not be dismissed as time-barred based on the facts alleged in the SAC. The Court therefore GRANTS Plaintiff's Motion to Amend with respect to this claim.

### 4. Seventh and Eighth Causes of Action: Negligence

Plaintiff's seventh and eighth causes of action are for negligence and negligence *per se*. SAC ¶¶ 98-110. "[F]or limitations purposes, the gravamen of a soil contamination claim is that the real property, not any particular owner, has been injured by a condition that has been created, whether deliberately or negligently." *McCoy v. Gustafson*, 180 Cal. App. 4th 56, 105 (Cal. 2009). California applies a three-year statute of limitations to actions for negligent injury to property. Cal. Code. Civ. Proc. § 338. Where the plaintiff does not discover his injury until after the defendant's death, the cause of action is considered to have begun accruing at the time of discovery, and is not necessarily limited by the defendant's death. *See Romo v. Estate of Bennett*, 97 Cal. App. 3d 304, 307-308 (1979). That is, the statute of limitations does not begin to run until:

> the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her. Once the plaintiff suspects the wrongdoing, she must find the facts necessary for suit and decide whether to file. It is the discovery of facts, not their legal significance, that starts the statute.

8

Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

*Hook v. Lockheed Martin Corp. (In re Burbank Envtl. Litig*.), 42 F. Supp. 2d 976, 981 (C.D. Cal. 1998) (citations and internal quotation marks omitted).

Based on the pleadings, Plaintiff suspected wrongdoing as early as September 2006, when petroleum-impacted soil was discovered at the Property. FAC ¶ 29, SAC ¶ 28. California courts have noted that where "a reasonably diligent inspection would have revealed the soil contamination," the statute of limitations commences at the time that inspection occurred, or should have occurred. *Wilshire Westwood Assocs. v. Atlantic Richfield Co*., 20 Cal. App. 4th 732, 740 (1993) (finding plaintiff had constructive notice of contamination even when the results of the soil inspection failed to reveal it). Plaintiff knew as early as 2006 that the soil at the Property was contaminated. FAC ¶ 29, SAC ¶ 28. Thus, based on the pleadings, the statute of limitations began to run at least as of September 2006, and expired in September 2009.

Plaintiff filed its original complaint on August 31, 2009. Plaintiff's claims against the decedents relate back to this date for the reasons discussed above. Further, California Probate Code § 551 extends the statute of limitations by one year, effectively making the statute of limitations on this action four years. Based on the pleadings, it does not appear that these claims are time-barred. The Court therefore GRANTS Plaintiff's Motion to Amend with respect to these claims.

     5.  Ninth Cause of Action: Ultrahazardous Activity

Plaintiff's ninth cause of action, for ultrahazardous activity, again involves injury to property. SAC ¶¶ 111-14. Plaintiff must therefore have filed within the three-year statute of limitations to recover on this action. *See Wilshire* 20 Cal. App. 4th at 743 (finding that the statute of limitations for ultrahazardous activity resulting in property damage is three years, and citing Code Civ. Proc. § 338(b)). The statute of limitations for ultrahazardous activity commenced once Plaintiff had presumptive knowledge of that activity. *Id*. at 740. As discussed above, based on the pleadings, Plaintiff had presumptive knowledge of this activity in 2006, and the statute of limitations thus expired in September 2009. Because Plaintiff's claim against the decedents would then relate back to August 31, 2009, it appears to be timely. The Court therefore GRANTS Plaintiff's Motion to Amend with respect to this claim.

9

Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

6. **Tenth, Eleventh, and Twelfth Causes of Action: Contribution, Contribution Under the Hazardous Substance Account Act, and Equitable Indemnity**

Plaintiff has asserted claims against the estates of Salvadore and Tanie Ann LoBue for contribution, contribution under the Hazardous Substance Account Act, and for equitable indemnity. SAC ¶¶ 115-34. Whether these claims are futile against these potential defendants is a question of fact which cannot be answered at this time.

Plaintiff's causes of action for contribution and indemnity are subject to a three-year statute of limitations, and do not begin to accrue until Plaintiff has made some payment. "It is elementary that a party acquires a right of contribution as soon as he pays more than his share but not until then." *Jackson v. Lacy*, 37 Cal. App. 2d 551, 559 (1940). Similarly, "the date of payment triggers the statute of limitations period for equitable indemnity." *San Diego Unified Port Dist. v. TDY Indus.*, No. 03 CV 1146-B (POR), 2006 U.S. Dist. LEXIS 54942 at *26 (S.D. Cal. Mar. 15, 2006). For both, courts have held that a three-year statute of limitations applies. *Id.* Plaintiff's cause of action for contribution under the Hazardous Substance Account Act is also subject to a three-year statute of limitations. *Advanced Micro Devices, Inc. v. Nat'l Semiconductor Corp.*, 38 F. Supp. 2d 802, 814, 809 (N.D. Cal. 1999) (" a claim under Cal. Health & Safety § 25363 accrues at the same time as a CERCLA contribution claim," which is "within three years after 'completion' of the 'removal action.'"). Plaintiff must therefore have brought its claims for contribution and equitable indemnity within three years of incurring cleanup costs, plus an additional year as allowed by California Probate Code § 551.

The SAC does not allege when Plaintiff began to incur cleanup costs. Plaintiff alleges that petroleum was first found at the Property in September 2006, and that at some point thereafter 185 tons of impacted soil were hauled away. FAC ¶ 28, SAC ¶ 28. Plaintiff also alleges that groundwater monitoring wells were constructed at the Property in May 2008. FAC ¶ 31, SAC ¶ 31. Based on the pleadings, Plaintiff does not appear to have incurred cleanup costs before September 2006.

"[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail,* 68 F.3d at 1207.

10

Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

1   Here, it appears that Plaintiff incurred the costs for which it seeks contribution after September
2   2006. If so, Plaintiff's cause of action was timely filed in its original complaint, and the claims in
3   the SAC relate back to that filing and are not time-barred. Because these claims are not clearly
4   time-barred based on the pleadings, the Court GRANTS Plaintiff leave to amend this cause of
5   action.

### 7. Thirteenth Cause of Action: Waste

Plaintiff's thirteenth cause of action, for waste, is not clearly time-barred such that amendment would be futile. "Section 338(b) of the California Code of Civil Procedure sets forth the applicable statute of limitations for waste . . . ." *Galen v. Mobil Oil Corp.*, 922 F. Supp. 318, 323 n.7 (C.D. Cal. 1996). "The applicable statute of limitations for [this] claim[] is three years." *Id.* at 320; *see also* Cal. Code Civ. Proc. § 338(b). Here, Plaintiff alleges that it received presumptive notice of the alleged waste in 2006, and this claim was brought against the Caldo Oil Defendants on August 31, 2009. As with Plaintiff's claims for negligence and ultrahazardous activity, if the pleadings are accurate (as the Court must assume they are at this stage), this claim relates back to August 31, 2009, and is thus not time-barred. The Court therefore GRANTS Plaintiff's Motion to Amend with respect to this claim.

### 8. Fourteenth Cause of Action: Declaratory Relief

Plaintiff has requested "a judicial determination of its rights and duties and a declaration that the Caldo Oil Defendants are liable to Green Valley for all response[] costs incurred or to be incurred by Green Valley." FAC ¶ 144, SAC ¶ 142. Specifically, Plaintiff wishes the Court to decide defendants' liability for "response[] costs for the purpose of this and any subsequent actions." FAC ¶ 145, SAC ¶ 143. "The statute of limitations for declaratory relief under state law is the one that corresponds to the legal or equitable action on which the declaratory relief claim is based." *San Diego Unified Port Dist. v. TDY Indus.*, No. 03 CV 1146-B (POR), 2006 U.S. Dist. LEXIS 54942 at *28 (S.D. Cal. Mar. 15, 2006) (citing *Maguire v. Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719, 733 (1944)). Here, Plaintiff appears to ask the Court to declare that defendants are obligated to contribute. The Court has found that Plaintiff's causes of action for indemnity and contribution are not time-barred based on facts alleged in the pleadings. The Court therefore finds

11
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

1   that Plaintiff's cause of action for declaratory relief is not time-barred, either.  The Court GRANTS

2   Plaintiff's Motion to Amend as to these claims.

3            9.         Fifteenth Cause of Action: Nondisclosure

4        Plaintiff has added a new cause of action, for nondisclosure, in its Second Amended

5   Complaint.  SAC ¶¶ 145-49.  While this cause of action is not alleged against decedents, the Court

6   will examine whether this cause of action is futile against the other defendants.  Plaintiff alleges

7   that the Caldo Oil Defendants had a duty to disclose facts that could materially affect the value of

8   the Property.  SAC ¶ 146.  Plaintiff's claim sounds in fraud.  California Code of Civil Procedure §

9   338 provides that causes of action for fraud must be brought "within three years," and that these

10  causes are "not deemed to have accrued until the discovery, by the aggrieved party, of the facts

11  constituting the fraud or mistake."  Cal. Code Civ. Proc. § 338(d).

12       As discussed above, Plaintiff discovered its injury in September, 2006. An action for

13  nondisclosure should therefore have been brought by September, 2009.  Plaintiff's Motion as to

14  this claim may therefore only be granted if this cause of action is related back to the filing of

15  Plaintiff's original *complaint*.  Here, Plaintiff is alleging a new cause of action, rather than

16  substituting named defendants for Does, and California Civil Procedure Code § 474 does not apply.

17  *See* Cal. Civ. Proc. § 474.  To be related back, Plaintiff's new cause of action must "assert[] a claim

18  or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set

19  out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

20       Where the original and amended complaint "share a common core of operative facts

21  sufficient to impart fair notice of the transaction, occurrence, or conduct called into question," the

22  Ninth Circuit has held that the new claim relates back.  *Martell v. Trilogy, Ltd*., 872 F.2d 322, 327

23  (9th Cir. 1989).  If an "amended pleading essentially recapture[s] the facts formerly alleged," the

24  Ninth Circuit has found the original and amended pleadings to "undoubtedly emanate from a

25  common core of operative facts."  *Id.* at 325.  A comparison of Plaintiff's original complaint

26  against the Second Amended Complaint reveals that the factual allegations are virtually identical

27  between the two pleadings.  *See generally* SAC ¶¶ 20-48; Dkt. No. 1 ¶¶ 17-50.  In addition,

28  Plaintiff's new claim for nondisclosure of contamination is clearly related to the previously-

12
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

asserted claims, all of which relate to the alleged contamination.  Therefore, Plaintiff's new claims arise out of the conduct and occurrences set out in its original pleadings.

The Court concludes that Plaintiff's fifteenth cause of action relates back to the filing of its original complaint.  Accordingly, Plaintiff's motion is GRANTED as to this claim.

C. Bad Faith, as to all Amendments

The Caldo Oil Defendants argue that Plaintiff's Motion to Amend was brought in bad faith.  Opp'n to Amend at 6-7.  The Caldo Oil Defendants claim that Plaintiff is adding the estates of Salvadore and Tanie Ann LoBue in retaliation for their unwillingness to stipulate to Plaintiff's amended pleadings.  Opp'n to Amend at 7.  Plaintiff denies this.  Mot. to Amend at 6.  The Court rejects the Caldo Oil Defendants' conclusory allegation.  Plaintiff states that it seeks to add these estates to the litigation because the decedents owned the property at issue prior to Defendant Victor LoBue, and may have contributed to Plaintiff's injury.  Mot. to Amend at 3.  This explanation appears reasonable.  The Caldo Oil Defendants have provided no support for their assertion that Plaintiff is acting in bad faith.  The Court will not deny Plaintiff's Motion to Amend on this ground.

D. Prejudice, as to all Amendments

The Caldo Oil Defendants argue that Plaintiff's amendment would be prejudicial.  Opp'n to Amend at 7-8.  In support of this contention, they state that the addition of decedents to this cause of action makes the Second Amended Complaint "a drastically different pleading" (Opp'n to Amend at 8), and that the claim for nondisclosure "is a fundamentally different allegation" which Plaintiff should have stated earlier.  *Id*.  Plaintiff responds that discovery in this case did not begin until December 2010, that the alleged nondisclosure has always been at issue, and that investigating whether the decedents created the nuisance, etc., will not require much more discovery.  Reply at 7.  The Court agrees with Plaintiff.

The Caldo Oil Defendants cite no specific discovery burden they will face in defending against these claims.  Given that the underlying causes of action are the same, it appears the parties should already be conducting discovery on these issues.  If the Caldo Oil Defendants truly faced "significant new discovery," as they claim, they should have articulated what this discovery is, and

13
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

why it is so burdensome. Without a specific showing of prejudice, the Court finds that this factor does not weigh against amendment.

E.   Undue Delay, as to all Amendments

The Caldo Oil Defendants argue that Plaintiff's Motion was brought with undue delay. Opp'n to Amend at 6-7. Specifically, the Caldo Oil Defendants argue that Plaintiff should have "included all parties and all causes of action" in its original or its First Amended Complaint. *Id.* at 6. The Court notes that on April 25, 2011, just three days before Plaintiff filed its Motion, the Caldo Oil Defendants filed a Third Party Complaint adding two cross-defendants to this action. *See* Dkt. No. 87. The Court does not consider Plaintiff's Motion to Amend, filed on April 28, 2011, to delay the progress of this case any more than the Caldo Oil Defendants' Third Party Complaint, requested on March 14, 2011 (Dkt. No. 74), and filed on April 25, 2011. Plaintiff moved to amend its complaint within the deadline set by the Court. *See* Dkt. No. 88.

"[U]ndue delay alone is insufficient to justify denying a motion to amend." *Schultz v. Wal-Mart Stores*, Inc., 68 Fed. Appx. 130, 131 (9th Cir. 2003). The Court finds no undue delay here. Even if it did, it could not deny Plaintiff's Motion on grounds of undue delay without a strong showing on the factors of futility, bad faith, or prejudice. As the Court has found neither futility, nor bad faith, nor prejudice, it GRANTS Plaintiff's Motion to Amend.

III.   MOTION TO STRIKE AND DISMISS

A. Motion to Strike and Dismiss the Second Amended Complaint

The Caldo Oil Defendants state that they move to dismiss the SAC based on various sub-parts of Federal Rule of Civil Procedure 12, but do not specify *why* the SAC should be dismissed for failure to state a claim or any other ground under Rule 12. Rather, they assert that "all of the deficiencies are readily apparent on the face of" Plaintiff's SAC. Mot. to Strike at 5. This conclusory allegation is not enough to support dismissal of Plaintiff's SAC based on Rule 12. Rather than attacking the substance of the allegations in the SAC, the Caldo Oil Defendants argue that the SAC should be stricken and dismissed because Plaintiff did not have leave to file the SAC at the time it was presented to the Court, and because Plaintiff has not withdrawn the SAC from the Electronic Court Filing system (ECF). *Id.* at 6, 9. As discussed above, Plaintiff has previously

14
Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS

1  admitted that the May 16, 2011 filing of the SAC was in error and that it would withdraw that

2  filing.  The Court orders that Plaintiff withdraw the SAC filed on May 16, 2011 **within 1 day of**

3  **the date of this Order**.  Plaintiff shall also re-file the same SAC **within 1 day of the date of this**

4  **Order**.

5                        B.  Motion to Strike and Dismiss the Third Party Complaint

6          In the same Motion regarding the SAC, the Caldo Oil Defendants move to strike and

7  dismiss Plaintiff's TPC.  Mot. Strike at 4-7.  They argue that Plaintiff has not followed the proper

8  procedures with regard to this document, and that it should be dismissed under Rule 12(b)(1), (2),

9  (4)-(6), and stricken under Rule 12(f) because it is "scandalous and impertinent and worse."  *Id*. at

10  7, 5.  Federal Rule of Civil Procedure 14 "authorizes a defendant party to bring into a lawsuit a

11  'nonparty who is or may be liable for all or part of the claim against it.'"  6 Charles Alan Wright et

12  al., Federal Practice and Procedure § 1446 (3d ed. 2002).  Plaintiff's so-called "Third Party

13  Complaint" does not state claims against any third parties.  Instead, it asserts the same claims

14  asserted in the SAC (minus the first claim for Abatement under RCRA) against substantially the

15  same defendants named in the SAC (excluding Caldo Oil, and including Marijoe LoBue, wife of

16  Victor J. LoBue).  In fact, the claims in the TPC are identical to fourteen of the fifteen claims set

17  forth in the SAC.  Simply put, the TPC is not a proper TPC because it does not name third parties.

18  The only individual who is not named as a defendant in the SAC is Marijoe LoBue.  However, the

19  TPC does not assert that Marijoe LoBue is liable to the Plaintiff for a claim brought against the

20  Plaintiff in this lawsuit, as required by Rule 14.  Instead, it simply adds Ms. LoBue as a defendant

21  to the already-asserted claims of the SAC.  If Plaintiff wished to add Ms. LoBue as a defendant, it

22  should have moved to do so when it filed the SAC.  The TPC is duplicative, and an attempted end-

23  run around the opposition to Plaintiff's request for leave to file the SAC.  Therefore, the Court

24  GRANTS the Caldo Oil Defendants' request to strike the TPC.

25      IV.     MOTION TO QUASH SERVICE

26          The Caldo Oil Defendants have also moved to quash service of Plaintiff's TPC, claiming

27  that no summons were issued by the Court Clerk, that the TPC was filed without leave, that the

28  named parties do not exist, and that there is no person or entity that may accept service.  Mot. to

Quash at 2-3. Because the Court has granted the Caldo Oil Defendants' motion to strike the TPC, this argument is moot. Therefore, it is DENIED on this ground.

V. CONCLUSION

For the reasons set forth above, the Court orders as follows:

(1) The Court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint.

(2) The Court GRANTS's Motion to Strike Plaintiff's Third Party Complaint and DENIES The Caldo Oil Defendants' Motion to Strike and Dismiss Plaintiff's Second Amended Complaint.

(3) The Court DENIES the Caldo Oil Defendants' Motion to Quash Service of Plaintiff's Third Party Complaint as moot.

(4) The Court hereby orders that **any further amendment of pleadings or addition of parties must be supported by a showing of good cause under Federal Rule of Civil Procedure 16.**

**IT IS SO ORDERED.**

Dated: August 10, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 09-CV-04028-LHK
ORDER RESOLVING VARIOUS MOTIONS